[No. 15947.     Department Two—November 29, 1895.]

AUGUST LAVER, APPELLANT, *v.* L. R. ELLERT ET AL., AS COMMISSIONERS COMPOSING THE BOARD OF NEW CITY HALL COMMISSIONERS, RESPONDENTS.

NEW CITY HALL COMMISSIONERS—MODIFICATION OF PLANS.—Under the act of March 24, 1876, the present board of new city hall commis. sioners has the same discretionary powers to modify the plans of the new city hall as that enjoyed by their predecessors under the act of 1870, page 738, and consequently may make deviations from the plans adopted by the commissioners in 1871, under the provisions of the act of 1870; and their action in providing for the construction of a dome, in place of a square clock tower contemplated by the original plans, is not an abuse or in excess of a reasonable exercise of their powers.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. CHARLES W. SLACK, Judge

The facts are stated in the opinion of the court.

*Gale & Peery*, and *J. T. Fleming*, for Appellant.

*W. S. Barnes*, and *Stafford & Stafford*, for Respondents.

THE COURT.—This is an appeal from the judgment entered after demurrer sustained.

It appears from the complaint that the board of new city hall commissioners had entered into a contract with the firm of O'Connell & Lewis for the erection and construction of a dome upon the new city hall in the city and county of San Francisco, in place of a square clock tower contemplated by the original plans. It was averred that the dome, if constructed, would be wholly unlike, in external appearance, the tower which was to be built according to the adopted plans; that it would cost more, and "would be greatly out of harmony with the other parts of said building already completed, and materially detract from its architectural beauty." A perpetual injunction was sought against the defendants to restrain them from proceeding further under the contract, and a judgment was asked decreeing the contract to be null and void. A demurrer was sustained to the complaint upon the ground that it failed to state a cause of action.

The question presented involves the power of the board of new city hall commissioners to make any deviations in the construction of the building from the plans adopted by the commissioners in 1871, under the provisions of the act of 1870. (Stats. 1869–70, p. 738.)

This question, however, has ceased to be of any public importance whatever, and, indeed, of very little concern to the plaintiff himself, by reason of the ratifying act of the last legislature, which, it is conceded, validates the contract, even if, in the first instance, it were improperly entered into by the commissioners. (Stats. 1895, p. 165.)

Nevertheless, we are of opinion that the court properly sustained the demurrer. The act of the legislature creating the new city hall commissioners (Stats. 1870, p. 738) provided that the commissioners should " adopt

such plans for the erection of said city hall as in their judgment best calculated to serve the purposes of said city and county, having in view the necessity of providing a permanent building which will furnish sufficient and suitable rooms to accommodate the different courts and boards of city and county officers, hall of records, and also offices for the various officers of said city and county." The object of the act was to secure the erection of a permanent and suitable building for the purposes named, and the duty enjoined upon the board of adopting plans was to further this object. Nowhere, by the act, was the original board prohibited from changing or modifying the plans, when once adopted, and for the proper performance of the duty imposed upon them it was necessary that some discretion should be left to them in the matter. They should have the power to correct mistakes in plans once adopted. They should have the power to vary an adopted plan, if further investigation satisfied them that the execution of it would not achieve the end in view. Nothing in this act can fairly be said to prohibit the commissioners from changing or modifying plans once adopted, if in the *bona fide* exercise of their judgment they believed the changes or alterations would better meet the objects of the law.

By the act of the legislature approved March 24, 1876, the present board of new city hall commissioners was called into being, and was directed to take charge of the new city hall and improvements therein, "and to proceed with the construction of the building on said premises, known as the new city hall, according to the plans heretofore adopted for a permanent building, as contemplated by an act of the legislature," etc. It is this language which appellant claims deprived the commissioners of any and all discretion, and compels them to proceed with the work under the plans adopted by the former board.

But such a construction is not supported by reason nor borne out by the language of the act itself. It cannot be seen why the successors of the original board

should not have the same discretionary powers which were vested in their predecessors, nor do we find in the terms of the act any express declaration depriving them of that discretion. By section 4 of the act they are empowered to employ an architect. By section 6 it is made the architect's duty to draw specifications of the work to be done, and make drawings therefor. Quite as much room is left for the exercise of discretionary power in the matter of the specifications as in the matter of the original plans, and discretion over the specifications is expressly awarded to the new board; but by section 14 of the act, the right of the board to change adopted plans is expressly recognized. It is there declared "that no change or modification in the place [plan] or specification shall be made after proposals for so doing work or furnishing materials shall be called for."

We conclude that the discretionary powers of the present board, under the act of 1875–76, are not different from those enjoyed by their predecessors, and that the contemplated change was not in abuse or in excess of a reasonable exercise of those powers.

The judgment appealed from is affirmed.